IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| IN RE: CONSOLIDATED "NON-FILING" INSURANCE FEE LITIGATION ) ) ) ) | ) CASE NO. 2:96-md-1130-MEF ) ) ) THIS DOCUMENT RELATES |
| PRINCESS NOBELS, *et al.*, v. ASSOCIATES CORPORATION OF NORTH AMERICA, *et al.* | ) ) CASE NO. 2:94-cv-699-MEF ) ) |
| LYNN HOWELL, *et al.* v. SECURITY FINANCE OF GEORGIA, *et al.* | ) CASE NO. 2:97-cv-832-MEF ) ) ) |

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on the threshold matter, brought up by Plaintiffs' Motion for Attorney Fees (Doc. #809),[1] of whether Plaintiffs are entitled to attorney's fees and costs for their successful defense against Defendant Security Finance of Georgia's (SFG's) Rule 60(b)(5) motion to modify the settlement agreement and final judgment (Doc. #791). Plaintiffs have also moved for oral argument on this issue (Doc. #817).[2] Were Plaintiffs to prevail on this issue, the Court would order further briefing on the amount of fees Plaintiffs are entitled to. However, because Plaintiffs are not entitled to fees, there is no reason to request further briefing on the amount of fees at issue (*see* Order, Doc. #813).

---

[1] For ease of reference, this Order will refer to the docket numbers in this case as they are listed in 2:96-md-1130. In the related cases, Plaintiffs' Motion for Attorney's Fees is Doc. #1307 (2:94-cv-699) and Doc. #41 (2:97-cv-832). This opinion applies to all three related cases.

[2] Doc. #1315 (2:94-cv-699), Doc. #49 (2:97-cv-832).

BACKGROUND

Plaintiffs were forced to defend the settlement agreement in this case three separate times: first, on SFG's initial Motion to Modify Settlement Agreement and Final Judgment Pursuant to Rule 60(b)(5) (Doc. #791); next, Plaintiffs had to respond to SFG's Motion to Alter Judgment (Doc. #796); and, finally, Plaintiffs had to defend against SFG's appeal of this Court's adverse rulings on SFG's motions (*see* Doc. #808). Plaintiffs prevailed in each of these, the latest skirmishes in a legal battle that has now been waged for the better part of two decades. The long history of this litigation is ably recounted in the Eleventh Circuit's opinion affirming this Court's denial of SFG's 60(b)(5) motion. *See generally* In re *Consol. Non-Filing Ins. Fee Litig*, 431 Fed. App'x. 835 (11th Cir., 2011) (Doc. #808).

Plaintiffs now seek attorneys fees and costs for these most recent proceedings.

DISCUSSION

**I. Plaintiffs' Motion For Fees and Costs Incurred in This Court was Untimely, and This Court does Not Have Jurisdiction to Award Fees and Costs Incurred in the Eleventh Circuit**

SFG's primary argument in opposition to Plaintiffs' motion for fees is that the motion was untimely. SFG argues that, insofar as Plaintiffs are seeking fees and costs incurred defending against SFG's motion in this Court, that motion is barred by Rule 54(d)(2), and that insofar as Plaintiffs are seeking fees and costs incurred in defending against SFG's appeal, this Court does not have jurisdiction to consider awarding those fees. The Court agrees that Plaintiffs' motion was untimely, and that this Court does not have authority to

award fees or costs for work done at the appellate level.

### A. This Court Did Not Retain Jurisdiction Over Future Actions For Fees Sufficient to Supersede the Deadlines in Federal Rule of Civil Procedure 54(d)(2)(b) or Local Rule 54.1(a)

The relevant portion of Federal Rule of Civil Procedure 54(d)(2) dictates that "[a] claim for attorney's fees . . . must be made by motion " and that "unless a statute or court order provides otherwise, the motion must . . . be filed no later than 14 days after the entry of judgment." Similarly, this district's Local Rule 54.1(a) requires that any request for trial-level costs "be filed with the Clerk within 35 days after the entry of final judgment from which an appeal may be taken" and that any "[f]ailure to file within this time period is deemed a waiver." *See, e.g., Stanford v. Burlington Motor Carriers,* 74 F. Supp. 2d 1155, 1156 (M.D. Ala. 1999) (DeMent, J.) (denying untimely motion for costs under Local Rule 54.1(a)).

There is no question that Plaintiffs' motions for fees and costs were not submitted within the deadlines laid out in the above rules.[3] However, Plaintiffs believe that this Court retained jurisdiction over all fee-related issues through its Final Judgment, Approval of Class Action Settlement and Dismissal with Prejudice of the Security Finance Entities (Doc. #629) ("Final Judgment"), and that the Final Judgment constitutes a "court order" that "provides otherwise" for the purposes of avoiding the deadlines contained in the above rules. Plaintiffs base their claim on the following language from the Final Judgment:

---

[3] This Court entered judgment denying Defendants Motion to Alter or Amend the Judgment on July 2, 2010 (Doc. #802). Plaintiffs Motion for Attorney Fees (Doc. #809) was filed on August 5, 2011.

3

> The Court retains continuing jurisdiction over: (a) all matters relating to the interpretation, administration, implementation, effectuation and enforcement of the Settlement Agreement and this Final Order and Judgment, specifically including, but not limited to, the allocation, payment and distribution of Class Counsels' attorneys' fees and expenses, fees to referring attorneys, and Plaintiff Class Representatives' incentive awards; (b) the enforcement of the injunctions entered against Spartan and the Security Finance Entities, as well as any and all claims arising out of or relating to the injunctions entered against Spartan and the Security Finance Entities; and (c) all parties to these Actions, including all Non-Excluded Settlement Class Members, for the purposes of enforcing and administering the Settlement Agreement and this Final Order and Judgment, and all parties in these Actions for the purpose of ensuring compliance with this Final Order and Judgment.

(Final Judgment, at 21).

Plaintiffs argue that the Court's retained jurisdiction over "Class Counsels' attorneys' fees and expenses" is sufficient to obviate the need to file motions for fees and costs in accordance with the deadlines contained in the rules. However, this paragraph clearly contemplates only the attorneys' fees and expenses set forth as part of the Settlement Agreement, not attorneys' fees for subsequent litigation occurring thirteen years down the road.[4] This is evident through the Final Judgment's use of language such as "all matters relating to the interpretation, administration, implementation, effectuation and enforcement *of the Settlement Agreement and this Final Order and Judgment*." (*Id.*

---

[4] Insofar as Plaintiffs argue that this court did not enter a final judgment sufficient to trigger the deadlines contained in these rules, that position is explicitly contradicted by Rule 54(a), which defines a "judgment" as "any order from which an appeal lies." This Court's order denying Security Finance's Rule 60(b) motion was "appealable as a separate final order" (and indeed, was appealed as such). *Stone v. I.N.S.*, 514 U.S. 386, 401 (1995) ("[t]he denial of [a Rule 60(b)] motion is appealable as a separate final order"). Therefore, the order triggered Plaintiffs' responsibility to file any motion for fees and costs under Federal Rule 54(d)(2)(B) and Local Rule 54.1(a).

(emphasis added)). The scope of the settlement agreement is further evidenced by the fact that the settlement agreement in this case, as detailed in the Final Judgment, included the establishment of a Common Fund from which Class Counsel was to be paid a total of $6,283,308. (*Id.* at 19). Clearly, Plaintiffs Class Counsel's six-million dollar fee award was not going to distribute itself, and so the Court needed to ensure that it retained jurisdiction over the dispersal of the fee award discussed earlier in the Final Judgment.

For the reasons discussed above, the Court rules that, for purposes of this motion for costs and fees, and for the purposes of any further motions for costs and fees that may arise in this litigation between now and when, if ever, Congress amends the law in a way that would require amendment of the Settlement Agreement and Final Judgment,[5] this Court has not retained jurisdiction over issues of fees sufficient to allow the parties to evade the filing deadlines imposed by the various rules of procedure. For these procedural reasons, Plaintiffs motion as to trial court costs and fees is due to be DENIED.

### B. This Court Lacks Authority to Award Fees or Costs for Work Performed at The Eleventh Circuit

With regard to costs, the relevant portion of Federal Rule of Appellate Procedure 39(d) dictates that "a party who wants costs taxed must--within 14 days after entry of judgment--*file with the circuit clerk*, with proof of service, an itemized and verified bill of costs." (emphasis added). As for fees, Eleventh Circuit rule 39-2(a) similarly requires

---

[5] Settlement Agreement, Doc. #815-1 at 25 ("the Security Finance Entities may petition the Court for a modification of the scope and terms of this injunction in the sole and exclusive event that the United States Congress Changes the law with regard to the subject matter of the said injunction.").

that "Except as otherwise provided herein or by statute or court order, an application for attorney's fees *must be filed with the clerk* within 14 days after the time to file a petition for rehearing or rehearing en banc expires." (emphasis added).

Plaintiffs' did not file their request for appellate attorneys' fees or costs with the Eleventh Circuit. This Court is prohibited from granting fees for work done at the appellate level. *Common Cause/Ga v. Billups*, 554 F.3d 1340, 1356 (11th Cir. 2009) ("The district court lacked authority to award attorney's fees and costs for work performed before this Court."); *Gray v. Bostic*, 613 F.3d 1035, 1043-44 (11th Cir. 2010) ("'[The] district court is not authorized, by local rule or otherwise, to control the . . . assessment of attorney's fees for services rendered on appeal. If a party wishes to obtain fees on appeal, he or she must file a [timely] petition with the clerk of this circuit. . . .'" (quoting *Mills by Mills v. Freeman*, 118 F.3d 727, 734 (11th Cir. 1997))).

Therefore, Plaintiffs motion for costs and fees incurred in defending SFG's appeal of this Court's order is due to be DENIED.

## II.  Plaintiffs' Neglect Was Not Excusable

In light of the discussion above, Plaintiffs would have the Court consider their failure to timely move for fees as excusable neglect. However, as the Supreme Court has made clear, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect.'" *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993). The Eleventh Circuit has also held that "attorney error

6

based on a misunderstanding of the law [is] an insufficient basis for excusing a failure to comply with a deadline." *Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996, 998 (11th Cir. 1997). Here, Plaintiffs wrongly assumed that the Final Judgment encompassed any future fees and costs the attorneys might incur in defending the injunction, as well as the fees and costs associated with the settlement agreement. This led Plaintiffs to believe that they did not have to comply with the deadlines contained in the rules of procedure outlined above. This is nothing more than an error based on a misunderstanding of the law, and not a sufficient basis for excusing a failure to comply with a deadline.[6] *Id.*

### III. Plaintiffs Are Not Entitled to Relief on Equitable Grounds

Even if Plaintiffs' recovery was not procedurally barred as untimely, Plaintiffs are not entitled to relief on equitable grounds. It is generally within this Court's powers to grant relief on equitable grounds. However, that is not the case here. Plaintiffs have failed to show any of the three requirements that would allow an award of fees under the Court's equitable powers. *Alyeska Pipeline Serv. Co. v. Wilderness Soc.*, 421 U.S. 240, 257-59 (1975). Plaintiffs also have not shown that Defendant's 60(b)(5) motion was brought in bad faith, or that the fees requested would come from a "common fund." 10

---

[6] Additionally, Robert Timothy Morrison, an attorney admitted to practice in the Middle District of Alabama, is representing the Plaintiffs' in their Motion for Attorneys' Fees (Doc. #809 at 23). Insofar as Mr. Morrison argues for relief from the deadline imposed by Local Rule 54.1(a), this Court has said in the past that "[a]s a member of the bar of the Middle District of Alabama, all attorneys are charged with knowledge of the local rules. [under Local Rule 1(a)(4)]. Thus, Plaintiff's excuse of unfamiliarity with said rules is an insufficient reason for which the court could excuse his noncompliance." *Stanford v. Burlington Motor Carriers,* 74 F. Supp. 2d 1155, 1156 (M.D. Ala. 1999) (DeMent, J.).

MOORE'S FEDERAL PRACTICE § 54.171[2][a][i] (3d Ed. 2011). Any money paid to Plaintiffs here would come out of SFG's pocket, not out of the Common Fund established by this Court thirteen years ago. Lastly, Plaintiffs have not shown that imposing fees on SFG would proportionally spread the cost of the suit to all the beneficiaries of the suit. *Id.* at § 54.171[2][b].

## CONCLUSION

This opinion should not be interpreted as deciding that Plaintiffs will never be entitled to fees and costs expended in the defense of their settlement agreement. However, the Court is also not convinced that Plaintiffs have been forced to defend this settlement in exchange for nothing more than an "attaboy." (Doc. #1313 at 10). Plaintiffs' Counsel was well compensated from the original common fund.

For the reasons stated above, Plaintiffs' Motion for Attorney's Fees (Doc. #809 (2:96-md-1130), Doc. #1307 (2:94-cv-699), Doc. #41 (2:97-cv-832)) is hereby DENIED. Consequently, Plaintiffs' Motion for Hearing/Oral Argument (Doc. #817 (2:96-md-1130), Doc. #1315 (2:94-cv-699), Doc. #49 (2:97-cv-832)) is also DENIED as MOOT.

DONE this the 19th day of April, 2012.

                                                /s/ Mark E. Fuller
                                        UNITED STATES DISTRICT JUDGE